**No. 50587.**—Protests 986918–G, etc., of Olivier Straw Goods Corp. (New York).

Opinion by Tilson, J. At the trial a witness testified that certain items of the merchandise consist of hats similar in all material respects to those involved in Abstract 47291. Thereafter, a stipulation was filed wherein it was agreed that certain items consist of hats similar in all material respects to those the subject of *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218), and other items consist of knotted hemp hats the same as those involved in Abstract 46497. Upon the established facts and following the authorities cited the merchandise was held dutiable as claimed.

**No. 50588.**—Protest 107103–K of I. F. Schnier & Co. (San Francisco).

Opinion by Tilson, J. At the trial counsel agreed that the imported merchandise was not decorated, colored, waxed, lacquered, enameled, lithographed, electroplated, or embossed in color. A sample of the wire hood and a metal disk (which did not constitute any part of this importation), used in conjunction with the wire hood, were admitted in evidence. Plaintiff's witness testified that the wire hood is used to secure and hold the champagne cork, which actually seals the bottle, and that without the security, the compression from inside the bottle would force out the cork. The record showed that the wire hoods cannot be used alone because the compression exerted against the cork from within the bottle would cause the wire in the hoods to cut through the cork. To avoid this and to make the wire hoods of service in bottling champagne, a metal disk is placed between the cork and the wire hood. Plaintiff contended that the issue in this case is controlled by *Cribari* v. *United States* (1 Cust. Ct. 19, C. D. 6). Since the facts in the two cases distinguish the one from the other it was held that the cited authority has no application here. The court was of the opinion that the most that could be said of the wire hoods is that they are parts of bottle caps, and since there is no provision for parts of bottle caps contained in paragraph 390, as amended, the instant wire hoods cannot find classification thereunder. The protest was therefore overruled.